UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                        Case No. 1:23-cr-98

v.

                                        HON. JANE M. BECKERING

JAMAR GOINS,

      Defendant.

_____/

**MEMORANDUM OPINION AND ORDER**

Defendant Jamar Goins pleaded guilty to conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) (Plea Agreement, ECF No. 217 at PageID.620). Paragraph 213 of the Presentence Report (PSR) represented that "[t]he defendant, having been convicted of a third or subsequent drug distribution offense, is permanently ineligible for all federal benefits [under] 21 U.S.C. § 862(a)(1)(C)" (*see* PSR, ECF No. 370 at PageID.1543).[1] Neither the government nor Defendant had any objections to the PSR (ECF No. 370 at PageID.1545; Defendant's Response to the PSR, ECF No. 339, PageID.1353). In the Judgment of Sentence and an Order regarding additional sentencing conditions associated with the Judgment of Sentence, the Court imposed on Defendant a permanent denial of all federal benefits (ECF No. 430, PageID.1817; ECF 432, PageID.1823).

---

[1] 21 USC 862(a)(1)(C) provides that "[a]ny individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall—" . . . "upon a third or subsequent conviction for such an offense be permanently ineligible for all Federal benefits." It is undisputed that Defendant had two prior controlled substance delivery/manufacture convictions involving crack cocaine and/or powder cocaine (ECF No. 370 at Paragraphs 156 and 157).

On appeal, Defendant argued that 21 U.S.C. § 862(a)(1)(C) did not mandate a lifetime federal benefits ban.  *See* Brief of Appellant, *United States v. Goins*, No. 24-1700, 2025 WL 735063, at *10 (6th Cir. Dec. 11, 2025).  The government declined to defend the arguments that it had adopted at sentencing.  *See* Brief of Appellee, *Goins*, 2025 WL 1769117 at *23–24 ("The government agrees with Goins' challenge to the district court's finding that he is permanently ineligible for federal benefits.") (citing *United States v. Gardner*, 32 F.4th 504, 532 (6th Cir. 2022)).[2]  Concluding that Defendants' instant conviction "is not the crucial strike that triggers § 862(a)(1)(C)," the Sixth Circuit reversed the imposition of lifetime ineligibility for federal benefits and remanded for this Court's consideration of whether it will entertain the government's argument that §862(b)'s neighboring ineligibility condition for offenses involving the possession of a controlled substance nonetheless applies.  *See United States v. Goins*, No. 24-1700, 2025 WL 3554641, at *3 (6th Cir. Dec. 11, 2025).

On remand, the government argues that the Court should hold that, although Defendant's conspiracy conviction does not qualify as one "consisting of" distribution for purposes of §862(a), it nevertheless qualifies as an offense "involving" the possession of a controlled substance under §862(b), and therefore, should result in his ineligibility for benefits for up to five years, pursuant to § 862(b)(1)(B)" (ECF No. 698 at PageId.4722).  Rather than cite to analogous cases in which federal courts have applied § 862(b) on similar facts, the government relies solely on the text of the statute and a Merriam-Webster dictionary definition (*id.* at PageID.4726–4728).

---

[2] In *Gardner*, the Sixth Circuit addressed "an issue of first impression" of whether "conspiracy to distribute and possess with intent to distribute" qualifies as an "offense consisting of the distribution of controlled substances under § 862(a). The Court concluded that it does not.  "For an offense to fall under §862(a), it must include 'actual distribution' or a completed delivery as an element" and conspiracy to distribute and possess does include such an element, so it "falls outside of § 862(a)'s reach."  (*Gardner*, 32 F.4th at 533.)

2

Defendant argues on remand that there should be no limitation or restriction on his potential federal benefits because the current conviction is not covered by § 862(b), and neither of the state court predicate convictions is proper for disqualification (ECF No. 709, PageID.4752-4752). Defendant notes the government's failure to cite a case deciding the question and asserts that he has not located any authority.  Defendant argues that §862(b) is inapplicable here because a conspiracy conviction does not require the actual possession of a quantity of drugs, whether the conspiracy consists of drug trafficking or possession with intent (*id*. at 4753).

Section 862(b)(1)(B) provides in relevant part that "any individual who is convicted of any Federal or State offense involving the possession of a controlled substance . . . shall . . . upon a second or subsequent conviction for such an offense be ineligible for all Federal benefits for up to 5 years after such conviction as determined by the Court.  The court shall continue to have the discretion in subparagraph (A) above."  21 U.S.C. § 862(b)(1)(B).

Even assuming the government's argument regarding the applicability of §862(b)(1)(B) has merit, the Court exercises its discretion and declines to impose a period of benefit ineligibility under the facts and circumstances of this case.   *See Gardner*, 32 F.4th at 533 ("The imposition of § 862(b)'s one-to-five-year ban, unlike § 862(a)(1)(C)'s lifetime ban, is left to the district court's discretion.");  United States Sentencing Guidelines § 5F1.6 ("The court, pursuant to 21 U.S.C. § 862, *may* deny the eligibility for certain federal benefits of any individual convicted of distribution or possession of a controlled substance.") (emphasis added); 21 U.S.C. § 862(b)(1)(A)-(B) (expressly stating that a federal benefits ban is subject to "the discretion of the court"); *accord United States v. Lopez*, 287 F. App'x 837, 839 (11th Cir. 2008) ("[A] district court has discretionary authority to declare certain defendants convicted of drug crimes ineligible for federal benefits.") (citing 21 U.S.C. § 862); *United States v. Phelps*, 43 F. App'x 573, 576 (4th Cir. 2002)

("Under either [§ 862(a)(1)(A) or § 862(b)], the denial of benefits is not automatic, but is discretionary with the sentencing court."). The nature and circumstances of this offense do not weigh in favor of a federal benefits ban. *Cf. United States v. McLeod*, No. 20-CR-508 (WFK), 2022 WL 17359552, at *5 (E.D.N.Y. Nov. 30, 2022) (discussing the potential applicability of a § 862(b) federal benefits ban in the context of a drug offender who had a criminal history involving fraud).

Accordingly:

**IT IS HEREBY ORDERED** that the Court AMENDS the Judgment applicable to Defendant (ECF No. 430 at PageID.1817) to strike the determination that Defendant is ineligible for federal benefits under 21 U.S.C. § 862(a)(1)(C), and the Court DECLINES, in the exercise of its discretion under the statute, to impose a ban on Defendant's eligibility for federal benefits under 21 U.S.C. § 862(b). An Amended Judgment will issue consistent with this Opinion and Order.

**IT IS FURTHER ORDERED** that the Court AMENDS the Order regarding additional sentencing conditions applicable to Defendant (ECF No. 432 at PageID.1823) to strike the determination that Defendant is ineligible for federal benefits under 21 U.S.C. § 862(a)(1)(C).

Dated:  April 14, 2026                     /s/ Jane M. Beckering
                                           JANE M. BECKERING
                                           United States District Judge

4